Per Curiam.

Petitioner urges first that he was sentenced on six consecutive counts for the same offense, contrary to the provisions of Section 2941.32, Revised Code, which provides as follows:
“If two or more indictments or informations are pending against the same defendant for the same criminal act, the prosecuting attorney must elect upon which he will proceed, and upon *457 trial being had upon one of them, the remaining indictments or information shall be quashed.”
The petitioner is confused as to the meaning of this section which relates to two indictments for an identical crime arising out of the same criminal act. The purpose of this section is to prevent multiple prosecutions of an accused for the identical offense growing out of the same criminal act. Where an accused is charged with offenses arising out of different criminal acts, this section is not applicable. That is the situation in the present case. The petitioner was indicted for a number of different burglaries, offenses arising out of different criminal acts, and under such circumstances this section, of course, was not applicable. The other count to which petitioner pleaded guilty was rape. It was not the same offense for which he was charged in the other counts of this indictment and was not subject to the provisions of this section.
Petitioner urges that he was not represented by competent counsel. However, he was represented by counsel of his own choosing, and there is nothing in the record to indicate any lack of competence of such counsel. Even if there were such lack, it is a matter which must be raised by appeal rather than by habeas corpus. McConnaughy v. Alvis, Warden, 165 Ohio St., 102.
The petitioner contends that he was denied compulsory process to obtain witnesses. Inasmuch as he pleaded guilty he admitted all the well pleaded material facts in the indictment and waived a trial. Craig v. State, 49 Ohio St., 415, 418; McConnaughy v. Alvis, supra; and Carper v. State, 27 Ohio St., 572.
The petitioner urges further that by his failure to sign a waiver of a jury trial the court was without jurisdiction to try him. Where one pleads guilty of an offense, the failure to file a written waiver of jury under Section 2945.05, Revised Code, does not deprive the accused of any constitutional rights or deprive the court of jurisdiction. State, ex rel. Scott, v. Alvis, Warden, 156 Ohio St., 387.
The petitioner argues that the trial court did not have the power to grant mercy as to the burglary counts. This contention is answered by the burglary statute itself (Section 2907.09, Revised Code), which provides:
*458 “No person shall in the night season maliciously and forcibly break and enter an inhabited dwelling house with intent to commit a felony, or with intent to steal property of any value.
“Whoever violates this section shall be imprisoned for life. Upon recommendation of mercy .by the jury such person shall be imprisoned not less than five nor more than 30 years.
“When the accused enters a plea of guilty under this section, the Court of Common Pleas may hear evidence as to the circumstances of the offense, and, in its discretion, sentence the • accused to be imprisoned for life, or for not less than five nor more than 30 years.”
Clearly, this section empowers the trial court in its discretion to grant mercy.
The petitioner urges that, because he was not sent to Lima State Hospital before he was sentenced, his sentence was void. Section 2947.25, Revised Code (126 Ohio Laws, 399), read, at the time of petitioner’s conviction, in part as follows:
“After conviction and before sentence, a trial court must refer for examination all persons convicted under Sections 2903.01, 2905.01, 2905.02, 2905.03, 2905.04, 2905.07, or 2905.44 of the Revised Code, to the Department of Mental Hygiene and Correction or to a state facility designated by the department, or to a psychopathic clinic approved by the department, or to three psychiatrists.”
An examination of this section clearly shows that Lima State Hospital is not the exclusive place to which an accused may be referred for psychiatric examination. The transcript of the proceedings at the time petitioner entered his plea of guilty, May 10, 1960, shows the following:
“The Court: The court will accept the pleas of guilty as mentioned, and at the recommendation of the prosecutor will nolle the balance of the counts mentioned by the prosecuting attorney.
“The court will refer this case under the direct mandate of the Ascherman Act, and will refer this defendant for investigation to the psychiatric department for full report, and also refer the matter to the probation department.”
The journal of the court confirms this referral, Thus it is *459 apparent on the face of the record that there was a compliance with the provisions of Section 2947.25, Revised Code.
During the course of his hearing petitioner stated that he had told the judge he wanted to withdraw his plea of guilty and to have a trial by jury. A complete transcript was made of the proceedings both at the time petitioner entered his plea of guilty and at the time he was sentenced, and an examination of such transcript shows that at no time did he make such request during those proceedings, and it shows further that the trial judge inquired of him very carefully as to his plea on each count of the indictment to which he pleaded guilty.
Petitioner throughout this proceeding has urged his innocence of the crimes charged. However, the guilt or innocence of an accused is not a matter which may be considered in a habeas corpus proceeding. In re Poage, 87 Ohio St., 72.
The petitioner has made no showing that he has been deprived of any of his constitutional rights or that there was any lack of jurisdiction in the court either over his person or over the subject matter.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.